DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Tevaughn Darling, )<br>)<br>Defendant. )<br>) | CASE NO. 1:04 CR 362<br><br>MEMORANDUM OPINION |

The Court has questioned whether the above-named defendant is entitled to reconsideration of his sentence by virtue of the recent amendment to the United States Sentencing Guidelines reducing the offense level for offenses involving crack cocaine.

The defendant entered a plea of guilty to count 1 of the indictment which alleged that the defendant was involved in the conspiracy relating to both crack cocaine and powder cocaine. Hence, the Court's question as to whether the defendant was entitled to reconsideration of his sentence.

The Court has been advised by counsel that when the defendant entered a plea of guilty to count 1, it was after the government had removed, pursuant to the written plea agreement, reference to crack cocaine as opposed to powder cocaine.

Specifically, the transcript of the guilty plea proceedings (*see* Docket No. 43) recites the following discussion at pages 30 and 31 which state:

> THE COURT: Very well. Then I'm ready to ask you for your plea at this point, Mr. Darling.
>
> Do you understand that if at this time you tell me you are guilty of

(1:04 cr 362)

>Count 1, I'll find you guilty and it will be too late to withdraw your plea of guilty.
>
>Do you understand that?
>
>THE DEFENDANT:  Yes, your Honor.
>
>THE COURT:  Then, Mr. Darling, how do you plead to the charge in Count 1 in the indictment, Case Number 1:04-CR-362, charging you with conspiracy to possess with intent to distribute, and to distribute, more than 50 grams of a mixture or substance containing a detectable amount of --
>
>Is this crack or is this simply?
>
>MR. PINJUH:  Your Honor, the indictment charges both crack cocaine and cocaine, but the plea agreement specifies just cocaine in the amount in the plea agreement, more than 500 grams but less than 2 kilograms of powder cocaine.
>
>THE COURT:  Let me say that again.
>
>How do you plead to the charge of conspiracy, charging you possessed with intent to distribute and distributed more than 500 grams of a mixture or substance containing a detectable amount of cocaine?  To that charge how do you plead?
>
>THE DEFENDANT:  I plead guilty.
>
>THE COURT:  Very well.
>
>Mr. Darling, the court accepts your plea of guilty, finding that you understand the nature of the crime charged; that you understand the sentencing consequences; that there is a factual basis for your plea of guilty; that you have waived the constitutional rights that you enjoy which are applicable at this time in the case.  So the court finds you guilty.

It is apparent that the defendant's plea of guilty was limited to powder cocaine and not crack cocaine.  Thus, the defendant is not entitled to reduction of his sentence.

(1:04 cr 362)

The Court requests that the Federal Defender's Office notify the defendant at his place of incarceration with respect to the Court's ruling.

IT IS SO ORDERED.

| August 15, 2008 | /s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |